■ PING LEE, Appellant, v ALAN S. WEINER, Respondent.— In an action, *inter alia*, to recover damages for defamation and conspiracy, the plaintiff appeals from an order of the Supreme Court, Queens County (Leviss, J.), entered November 17, 1986, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff's claim arises out of legal representation which the defendant, an attorney, gave to the plaintiff's tenant in a nonpayment proceeding which was settled by stipulation on January 2, 1986. The plaintiff alleges that the defendant defamed her and committed conspiracy by causing the Division of Code Enforcement of the New York City Department of Housing Preservation and Development to place violations for failure to provide heat and hot water against her premises after January 2, 1986. Those same premises, the plaintiff contends, were the subject of the January 2, 1986 stipulation wherein the tenant agreed thereafter to furnish her own heat and hot water.

Each cause of action pleaded by the plaintiff is deficient on its face. In the portion of the pleading which alleges libel, the plaintiff concedes that the offensive violations were in fact

placed against her property. She therefore admits the truth of the allegedly defamatory words, which is a complete defense to an action in defamation. In addition the plaintiff fails to plead special damages. The pleading is therefore defective on its face.

The cause of action alleging conspiracy by the defendant with his clients to cause violations to be placed against the plaintiff's property fails to set forth any claim of the commission of an unlawful act. The defendant availed himself of a procedure under the New York City Housing Maintenance Code for obtaining an inspection. Moreover, the law of this State does not recognize a substantive tort of conspiracy.

We have examined the plaintiff's remaining cause of action to recover damages for violation of the ethical canons, and find it to be facially deficient. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.